UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN BRAMELL, YIDAM, Ltd.  §<br>§<br>Plaintiffs,  §<br>§<br>v.  §<br>§<br>ASPEN EXPLORATION, INC., ASPEN §<br>TEXACO O'CONNOR J-1 JOINT §<br>VENTURE, ASPEN TEXACO §<br>O'CONNOR C-2 JOINT VENTURE, §<br>ASPEN EXPLORATION INC. – §<br>RANCHO BLANCO #2 JOINT §<br>VENTURE, ASPEN OAKVILLE NO. 1 §<br>JOINT VENTURE, JOEL PETERSON, §<br>GREG RAND §<br>§<br>Defendants.  § | Civil Action No. 4:05cv384 |

**NOTICE OF ISSUANCE OF SUBPOENA TO R. KIRK COBB**

TO:   COUNSEL OF RECORD

Notice is hereby give that a Subpoena in a Civil Case ("*Subpoena*") was issued and served on R. Kirk Cobb to produce the records described on **Exhibit A** of the Subpeona on October 5, 2007, at 9:00 a.m. at the offices of Powell Goldstein LLP, 2200 Ross Avenue, Suite 3200, Dallas, Texas 75201. A copy of the Subpoena is attached hereto as **Exhibit 1**.



NOTICE OF DEPOSITION TO R. KIRK COBB – Page 1
::ODMA\PCDOCS\ATL\1213071\1

This 21st day of September, 2007.

Respectfully submitted by:

**POWELL GOLDSTEIN LLP**

//s// Keith M. Aurzada
Keith Miles Aurzada
TX Bar No. 24009880

2200 Ross Avenue, Suite 3200
Dallas, TX 75201
Telephone: (214) 721.8041
Facsimile: (214) 721.8100
kaurzada@pogolaw.com

**ATTORNEYS FOR PLAINTIFFS, BRIAN BRAMELL AND YIDAM, LTD.**

## CERTIFICATE OF SERVICE

I, Keith Miles Aurzada, certify that a true and correct copy of the above-referenced pleading was served upon Defendants, by and through their counsel of record, David Clouston, Patton Boggs, 2001 Ross Avenue, Suite 3000, Dallas, Texas, 75201 listed below by first class mail on the 21st day of September, 2007.

//s// Keith M. Aurzada
Keith Miles Aurzada

# EXHIBIT 1

# Issued by the
# United States District Court
## EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **BRIAN BRAMELL, YIDAM, LTD.** | **SUBPOENA IN A CIVIL CASE** |
| **V.** | |
| **ASPEN EXPLORATION, INC., JOEL PETERSON AND GREG RAND** | **CASE NUMBER: 4:04CV384** |

TO: R. KIRK COBB, ROBBINS TAPP COBB & ASSOCIATES, LTD., PLAZA OF THE AMERICAS, 600 N. PEARL, SUITE S2270, LB 146, DALLAS, TX 75201

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**SEE EXHIBIT A**

| PLACE  POWELL GOLDSTEIN, LLP<br>2200 ROSS AVENUE, SUITE 3200<br>DALLAS, TX 75201 | DATE AND TIME<br>October 5, 2007 @ 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]* | DATE<br>9-28-2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
KEITH M. AURZADA, (BAR NO. 24009880), POWELL GOLDSTEIN LLP
2200 ROSS AVENUE, SUITE 3200, DALLAS, TX 75201, 214.721.8106

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

___

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires the disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS AND INSTRUCTIONS

A. The term "*document*" as used herein shall be in its customary broad sense and shall mean all written, reported, recorded, or graphic material, however produced or reproduced, which is in the Defendants' possession, custody, or control or that of the Defendants' agents, attorneys, or representatives, including but not limited to: all agreements, instruments, memoranda, reports, financial reports, letters, envelopes, electronic mail messages (e-mail), telegrams, telefaxes, messages (including reports, notes, and memoranda of telephone conversations or conferences), summaries of records of personal conversations or interviews, minutes or records of meetings, lists of persons attending meetings, records or summaries of negotiations, stenographic or hand-written notes, records, accounts, voice recordings, work papers, arithmetical computations, minutes or records of all other communications of any type (including inter- and intra-office communications), charts, graphs, tapes, discs, data cells, drums, printouts and compilations, computer-readable materials, opinions, loan documents (including loan applications, security agreements, promissory notes, mortgages, collateral assignments, security agreements, and guaranty agreements), websites, drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations and writings have been made which do not appear on the originals.

B. Without limitation of the term "*control*" as used in the preceding sentence, a document is deemed to be in the control of the Defendants if the Defendants have the right to secure the document or a copy thereof from any person or public or private entity having the actual possession thereof.

C. A document "*relating*," "*related*," "*which related*," "*reflects*,"

1

"*reflecting*," "*which reflects*," "*refers to*," or "*relates to*" any given subject matter means any document that constitutes, contains, embodies, identifies, reflects, bears upon, or deals with that subject, including without limitation, documents concerning the preparation of documents.

    D.    Documents produced in response to this request shall be organized and designated to correspond to the categories in the request or produced as they are kept by the You in the ordinary course of business.

    E.    References in the singular include the plural, and references to the plural include the singular.

    F.    The term "*and*" means "*and*" or "*or*."

    G.    The term "*or*" means "*and*" or "*or*."

    H.    "*Including*" means including but not limited to.

    I.    "*Persons*" means all natural persons, corporations, partnership, sole proprietorships, union, associations, firms, federations, and any other type of entity.

    J.    The past verb tense includes the present verb tense, and the present verb tense includes the past verb tense.

    K.    The masculine of any noun includes the feminine and the neuter.

    L.    To the extent required by the Federal Rules of Civil Procedure, these requests shall be deemed continuing so as to require Defendants to produce any documents requested herein that are available at the time of the original production, or that become available at any later time.

    M.    As to all documents that are responsive to this request but which you consider to be properly subject to a claim of privilege or other protection from discovery,

you are requested to identify each such document by date, author(s), copy(ies), and subject matter, and to describe the type of privilege or other protection from discovery that is being asserted.

N.  As to all documents that are responsive to this request but which were lost or destroyed, you are requested to identify each such document by date, author(s), recipient(s), and subject matter and to describe how the document was lost or destroyed.

O.  *Defendants*" means all present and past Defendants named in this law suit. Those parties are ASPEN EXPLORATION, INC., ASPEN TEXACO O'CONNOR J-1, JOINT VENTURE, ASPEN TEXACO O'CONNOR C-2 JOINT VENTURE, ASPEN EXPLORATION INC. - RANCHO BLANCO #2 JOINT VENTURE, ASPEN OAKVILLE NO. 1 JOINT VENTURE, JOEL PETERSON, AND GREG RAND.

## DOCUMENTS

Subject to the foregoing definitions, the documents to be produced are described as follows:

1. All correspondence and records between or among Defendants and You.
2. All documents pertaining to the Texaco O'Connor Field.
3. All documents pertaining to the Rancho Blanco Field.
4. All correspondence and records between or among Defendants and You pertaining to oil and gas investments.
5. All tax returns of Defendants in your possession.
6. All financial records of Defendants in your possession.
7. All records of Defendants' assets.
8. All files relating to Defendants' business.

9. Any and all correspondence with third parties concerning the Defendants or their assets.

10. All work papers associated with Defendants' files.

11. All records of transfers of Defendants' assets.

12. All billing records associated with Defendants.

13. All correspondence with governmental agencies including the IRS and the Texas Railroad Commission concerning the Defendants, their assets, and/or their business affairs.

14. All of Defendants W-2's.

15. All bank records of Defendants.

16. All appraisals of Defendants' assets.

17. All third party reports concerning Defendants' assets, oil and gas investments, and/or other properties.