IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN BRAMELL, YIDAM, Ltd., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:05-CV-384 |
| | § | |
| ASPEN EXPLORATION, INC., JOEL PETERSON and GREG RAND, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANTS' MOTION TO QUASH

Pending before the court is "Defendants' Motion to Quash" (docket entry #64) filed on October 3, 2007. The Defendants seek to quash the Plaintiffs' Notice of Issuance of Subpoena to R. Kirk Cobb, the Defendants' accountant. Having considered the motion, the Plaintiffs' response (docket entry #66) and the Defendants' reply thereto (docket entry #67), the court finds that the motion should be denied.

### I. BACKGROUND

On October 4, 2005, the Plaintiffs filed their original complaint against the following Defendants: Aspen Exploration, Inc.; Aspen Texaco O'Connor J-1 Joint Venture; Aspen Texaco O'Connor C-2 Joint Venture; Aspen Exploration Inc.– Rancho Blanco #2 Joint Venture; and Aspen Oakville No. 1 Joint Venture. On March 17, 2006, the Plaintiffs amended their complaint to include the following additional Defendants: Joel Peterson and Greg Rand. After considering the Defendants' motions to dismiss, the court[1] dismissed Aspen Texaco O'Connor J-1 Joint Venture,

---

[1]This case was originally assigned to the Honorable Paul Brown and subsequently assigned to this judge on November 13, 2006.

Aspen Texaco O'Connor C-2 Joint Venture, Aspen Exploration Inc.– Rancho Blanco #2 Joint Venture, and Aspen Oakville No. 1 Joint Venture, as well as certain claims against the remaining Defendants on July 28, 2006. On August 14, 2006, the Plaintiffs filed their second amended complaint, reflecting the rulings contained in the order of dismissal.

Thereafter, the parties entered into a settlement agreement. On April 11, 2007, the court entered an order of partial dismissal, dismissing Aspen Exploration, Inc. with prejudice. On April 19, 2007, the court dismissed all causes of action against the remaining Defendants, Joel Peterson and Greg Rand. However, the court retained jurisdiction over this case in the event the Defendants defaulted on the settlement agreement, prompting the need for an entry of judgment.

After subsequently being notified that the Defendants had, in fact, defaulted on the settlement agreement, the court granted the Plaintiffs' motion for judgment and entered a final judgment against Aspen Exploration, Inc., Joel Petersen and Greg Rand in the amount of $100,000, plus post-judgment interest, attorney's fees and costs on September 18, 2007.

On September 20, 2007, the Plaintiffs issued a subpoena duces tecum to R. Kirk Cobb ("Cobb"), the Defendants' accountant, to aid in the execution of the judgment. The subpoena seeks the production of 17 categories of documents. The Defendants subsequently moved to quash the subpoena duces tecum issued to Cobb on the following grounds: (1) the requests create an undue burden on Cobb; (2) the requests seek the Defendants' customer lists which are trade secrets protected from discovery; and (3) the requests seek documents protected by the attorney-client privilege. The court notes that Cobb, however, has neither moved to quash the subpoena nor has he objected to the same.

## II. Standing

The Defendants assert that as persons affected by the subpoena, they have standing to move to quash the same. The Plaintiffs contend otherwise. Pursuant to FED. R. CIV. P. 45(c)(3), the court "shall quash or modify [a] subpoena if it requires disclosure of privileged or other protected matter and no exception or waiver applies, or [if it] subjects a person to undue burden." *Dean v. Anderson*, 2002 WL 1377729, *3 (D. Kan. 2002), quoting FED. R. CIV. P. 45(c)(3)(A)(iii) and (iv). "Generally speaking, only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena." *Id*. (citations omitted). "'A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.'" *Id*., quoting *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995).

The Defendants argue that they have standing to quash the subpoena based on the following: (1) the subpoena creates an undue burden on Cobb because the requests are ambiguous, vague, confusing and overly broad; (2) the subpoena subjects Cobb to undue burden because the requests seek information that is irrelevant and not reasonably calculated to lead to the discovery of material evidence; (3) the subpoena imposes an undue burden on Cobb because the documents sought could and should be obtained from an alternate, less expensive source; (4) the identities of the Defendants' customers and non-party joint venturers are trade secrets; and (5) the subpoena violates the Defendants' attorney-client privilege. The court will address each argument in turn.

The Defendants do not have standing to quash the subpoena on the basis that Cobb would be subjected to an undue burden when Cobb himself failed to so object. *See Auto-Owners Ins. Co.*

*v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005), citing 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE CIVIL 2D § 2035 ("'A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself, but a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person.'"). Additionally, the Defendants failed to establish that they would be required to incur third-party discovery costs that rise to the level of an undue burden *for the Defendants*. *See id*. While the Defendants argue that *Cobb* would be required to incur substantial discovery costs, the Defendants never indicated that those costs would be imputed to them.

However, the Defendants have established that they have standing to move to quash the subpoena because of their interest in the records sought. The Plaintiffs seek to discover documents from Cobb concerning the Defendants' financial and business records. The Defendants have established an expectation of privacy in their financial and business records. *See id*. Accordingly, the Defendants have demonstrated that they have a "personal right" regarding the same. *See id*.[2] On this limited basis, the court finds that the Defendants have standing to move to quash the subpoena.

### III. ANALYSIS

"Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Here, the Defendants move to quash the subpoena because the subpoena seeks the identities of the Defendants' customers and non-party joint

---

[2]Although the Defendants further contend that they have standing to move to quash the subpoena because they have alleged a "privilege" with respect to the same, *i.e.* the attorney-client privilege, the Defendants wholly failed to offer any basis for the assertion of such a privilege. Accordingly, the court concludes that the Defendants do not have standing to move to quash the subpoena on the basis of the attorney-client privilege.

venturers which, according to the Defendants, are trade secrets. "A court may quash or modify a subpoena that 'requires disclosure of a trade secret or other confidential research, development, or commercial information.'" *Freeport McMoran Sulphur, LLC v. Mike Mullen Energy Equipment Resource, Inc.*, 2004 WL 595236, *10 (E.D. La. 2004), quoting FED. R. CIV. P. 45(c)(3)(B)(i). "The party seeking discovery of such information must demonstrate a 'substantial need' for the information, and that the need cannot be met 'without undue hardship.'" *Id.*, quoting FED. R. CIV. P. 45(c)(3)(B)(iii). "However, the party moving for protection of the information must first establish that the information sought is of the nature described above, and no absolute privilege for this type of information exists." *Id.* (citation omitted).

"The Texas Supreme Court has held that to determine whether there is a trade secret protected from disclosure or use, a court must examine six relevant but nonexclusive criteria: (1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken to safeguard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others." *Carbo Ceramics, Inc. v. Keefe*, 166 Fed. Appx. 714, 718 n.1 (5th Cir. 2006). The party claiming a trade secret is not required to satisfy all six factors. *Id*.

Here, the Defendants argue that Aspen Exploration, Inc. has gone to great lengths to protect the privacy of its customer lists/joint venture partners. DEFS. MTN TO QUASH, Exh. B (Affidavit of Antoinette Rand), ¶ 5. "A customer list may be a trade secret, [citation omitted], but not all customer lists are trade secrets under Texas law." *Guy Carpenter & Co., Inc. v. Provenzale*, 334 F.3d 459, 467

(5th Cir. 2003). "The broader rule of trade secrets, that they must be *secret*, applies to customer lists. A customer list of readily ascertainable names and addresses will not be protected as a trade secret." *Id*. (citation omitted). "Thus, Texas courts consistently consider three factors when determining whether a customer list is a trade secret: (1) what steps, if any, an employer has taken to maintain the confidentiality of a customer list; (2) whether a departing employee acknowledges that the customer list is confidential; and (3) whether the content of the list is readily ascertainable." *Id*. (citations omitted).

The Defendants state that Aspen Exploration, Inc. ("Aspen") has allocated many years and over $1,000,000 in developing its customer lists. DEFS. MTN TO QUASH, Exh. B (Affidavit of Antoinette Rand), ¶ 3. The Defendants further state that Aspen's customer lists are "highly confidential," unknown to Aspen's competitors and not publicly disclosed. *Id*. Additionally, the Defendants submit that only Aspen's officers, directors and essential staff members have access to Aspen's customer information. *Id*. at ¶ 4. All non-family employees of Aspen are required to execute confidentiality agreements which prohibit the disclosure of Aspen's customer lists. *Id*.

Here, it is clear that Aspen has gone to great lengths to maintain the confidentiality of its customer lists. Further, Aspen's customer lists/joint venture partners are not readily ascertainable. However, the Defendants failed to establish that a departing Aspen employee would consider the customer lists to be confidential. As such, the Defendants failed to establish one of the factors necessary to find that Aspen's customer lists/joint venture partners are trade secrets.

Regardless, though, the court notes that Aspen's customer lists/joint venture partners are confidential. As noted by the Defendants, Aspen's customer lists provide Aspen with an advantage over its competitors. While the confidential nature of Aspen's customer lists/joint venture partners

"does not act as a bar to discovery and is generally not grounds to withhold documents from discovery", such confidentiality concerns may be addressed with an appropriate protective order. *Dean*, 2002 WL 1377729 at *3. Accordingly, although the court hereby **DENIES** the Defendants' motion to quash (docket entry #64), the court notes that a modification of the subpoena duces tecum is appropriate. Therefore, the court hereby **ORDERS** the parties to file with the court a stipulated protective order within ten (10) days of the entry of this order, protecting the confidentiality of Aspen's customer lists/joint venture partners. It is further **ORDERED** that within fifteen (15) days after the court enters the stipulated protective order, Cobb shall produce to the Plaintiffs the documents made the subject of the subpoena duces tecum. However, Cobb is only required to produce such documents in his possession, custody or control that will aid in the execution of the judgment.[3]

IT IS SO ORDERED.

**SIGNED this the 23rd day of September, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[3]The court notes that the Defendants objected to certain requests which sought the disclosure of documents pertaining to the dismissed Defendants. The Defendants objected to such disclosure on the basis of undue burden on Cobb because the requests were ambiguous, vague and confusing. As discussed previously, the Defendants do not have standing to object to those requests on such grounds; therefore, it is not necessary for the court to reach this issue.